UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ORGANIZED COMMUNITIES AGAINST DEPORTATIONS, *et al.*, | ) ) ) | |
| | ) | No. 1:25-CV-00868 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Judge Edmond E. Chang |
| DONALD TRUMP, President of the United States, *et al.* | ) ) ) | (sitting as emergency judge) |
| Defendants. | ) | |

**ORDER**

The Plaintiffs are Chicago-based community organizations, which (among other things) advocate for immigrant rights. R. 1 ¶¶ 10–13 (original complaint); R. 10 at ¶¶ 10–13 (amended complaint). Yesterday, on January 25, 2025, the Plaintiffs filed the original complaint and a motion for temporary restraining order (TRO) and preliminary injunction, R. 1, 2. For purposes of the TRO and preliminary-injunction motion, the Plaintiffs contend that the federal government's planned immigration-enforcement raids violate the First Amendment because the government is engaging in viewpoint discrimination against the "Sanctuary City Movement," that is, the movement that "advocates for a constellation of policies and support aimed at creating vibrant, welcoming communities where immigrants and all people can thrive. R. 10 ¶ 1. The Plaintiffs alleges that Sanctuary Cities adopt "a variety of policies intended to engender a greater level of trust and cooperation between local law enforcement and communities with sizable immigrant populations, regardless of immigration status. " *Id.*

On the same day that the original complaint and TRO motion were filed, the Court (sitting as emergency judge) reviewed the complaint and motion, and pointed out that the TRO motion did not argue how Federal Rule of Civil Procedure 65(b)(1)(A) was satisfied. As the order explained, "The rule requires the filing of an affidavit or verified complaint clearly showing that immediate and irreparable injury will result before the government can be heard in opposition. No affidavit or verified

complaint has been filed, let alone one that satisfies the requirement. Nor does the brief in support of the motion actually set forth an argument that is specific to a TRO's additional requirements, as distinct from the preliminary-injunction argument." R. 6.

Although the motion was not supported by the required affidavit or by argument on the need to proceed before giving the government a chance to respond, the Court did not deny the motion outright. Instead, the Court set an expedited briefing schedule requiring the government to respond by Noon on January 29, 2025. R. 6. This would position the assigned judge (an assignment will be processed on Monday) to consider the motion and proceed expeditiously, and the Court noted too that the assigned judge will be free to exercise discretion to speed up the schedule (or extend it). R. 6.

Today, on January 26, 2025, the Plaintiffs filed a motion to reconsider the schedule, R. 9, pointing out that they have now filed an amended motion with supporting affidavits (on January 25) and finished filing the exhibits in support of the motion today. R. 7, 8. The Plaintiffs also filed an amended complaint. R. 10.

The motion to reconsider is denied. Again, the Court is not denying the TRO motion outright; the assigned judge will have an opportunity to decide the motion. Instead, the expedited briefing schedule on the TRO remains the right course (subject to alteration by the assigned judge). As a legal-question matter, the Plaintiffs assert that courts "*routinely* constrain government action on First Amendment grounds in situations where government officials take action that—on the surface—is unrelated to the regulation of speech." R. 7 at 8 (emphasis added). But the brief provides no citation for that proposition. Nor does the brief discuss any case in which the First Amendment was invoked to enjoin a federal law enforcement action without any opportunity to respond at all. It is certainly possible to imagine a case in which the violation is so clear, both as a matter of law and factually, that no response should be permitted before issuing a TRO against federal law enforcement. This is not that case.

As both a legal-question matter and a factual-question matter, there is no solid fit between the cases cited and the facts presented (at least so far) in at least one way. The brief cites cases in which there was no question that the alleged governmental action targeted the *particular* plaintiff or plaintiffs. R. 7 at 8–10; *id.* at 9 n.8. In contrast, none of the factual materials appear to suggest that these specific organizational plaintiffs are the target of the planned enforcement actions by the federal

government. *See* R. 8 (exhibits consisting of news articles and various administration materials). Instead, the targets of the planned arrests are, if the various news articles attached to the filings are to be believed, R. 8, R. 9-1, those persons who do not have legal immigration status in the United States. Whether that disconnect undermines the First Amendment claim is, at the least, deserving of briefing. The motion to reconsider is denied. The briefing schedule remains in place.

              ENTERED:

              <u>   s/Edmond E. Chang   </u>
              Honorable Edmond E. Chang
              United States District Judge
              (sitting as Emergency Judge)

DATE: January 26, 2025